UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 9:18-CV-80390-WPD

BENNY BARMAPOV,

        Plaintiff,

v.

GUY AMUIAL, *et al.*,

        Defendants.

_____/

## ORDER DISMISSING AMENDED COMPLAINT

THIS CAUSE is before the Court upon Defendants William Reichel and Reichel Realty & Investments, Inc.'s Motion to Dismiss Amended Complaint [DE 113]; Defendants John Obeid and Palm Beach Auto Wholesale LLC's Motion to Dismiss Amended Complaint [DE 114]; Defendants R & R Development GP, LLC, R & R North Lake Development, LLLP, Terry Rafih, Rafih Florida Automotive, Inc.'s Motion to Dismiss Amended Complaint [DE 115]; Defendant Mitsubishi Motors North America, Inc. ("MMNA")'s Motion to Dismiss Amended Complaint [DE 116]; Defendant Thomas Dougherty's Verified Motion to Dismiss and Motion to Strike Amended Complaint [DE 117]; Defendant Sam Moshe's Motion to Dismiss Amended Complaint [DE 118]; Defendants Guy Amuial, Yossi Amuial, Avrham Amuial, Rueben Sasties, Same Moshe, John Obeid, Thomas Dougherty, Ariad Sommer, Roberto Habaue, Orna Sastiel, Terry Rafih, William Reichel, G.L. Cars, Inc., Checkered Flag Automotive, LLC, RBA Auto Finance, LLC, North Palm Hauling, LLC, SOMO Financial Services, Inc., Palm Beach Auto Wholesale, LLC, Rafih Automotive, Inc., R&R North Lake Development, LLLP, R&R

1

Development GP, LLC, and Reichel Realty & Investments, Inc.'s Joint Motion to Dismiss

Counts I-IV (Civil RICO Counts) [DE 119]; Defendants Avrham Amuial, Guy Amuial, Yossi

Amuial, Checkered Flag Automotive, LLC, G.L. Cars, Inc., North Palm Hauling, LLC, RBA

Auto Finance LLC, Orna Sastiel, Reuben Sastiel's Motion to Dismiss Amended Complaint [DE

120]; and Defendants Roberto Habaue, SOMO Financial Services, Inc., and Ariad Sommer's

Motion to Dismiss Amended Complaint [DE 123].  The Court has carefully considered the

Motions, Plaintiff Benny Barmapov's Responses, Defendants' Replies, and is otherwise fully

advised in the premises.

## I.    BACKGROUND

Plaintiff Benny Barmapov ("Plaintiff" or "Barmapov") filed the instant action on March

26, 2018, and filed an Amended Complaint on August 20, 2018. *See* [DE's 1, 97].

Plaintiff sues 23 Defendants (some individuals, others various business entities) and 20

John Doe Defendants over claims that they engaged in a vast scheme to defraud him of

approximately $4 million in connection with his investment in a Mitsubishi car dealership.  *See*

*generally* [DE 97] (Amended Complaint).  In his 113-page, 624 paragraph Amended Complaint,

Plaintiff asserts the following twenty (20) claims against Defendants: Civil RICO in violation of

18 U.S.C. § 1962(c), (d); Florida Civil RICO in violation of Fla. Stat. § 772.103(3), (4);

Fraudulent Inducement; Rescission; Common Law Fraud; Fraudulent Misrepresentation;

Negligent Misrepresentation; Breach of Fiduciary Duties; Aiding and Abetting Breach of

Fiduciary Duties; Conversion; Negligence; Gross Negligence; Unjust Enrichment; Accounting;

Civil Conspiracy; Aiding and Abetting; Declaratory Relief; and Civil Theft. *See id*.

On September 17-20, 2018, Defendants filed the instant Motions to Dismiss. *See* [DE's 113, 114, 115, 116, 117, 118, 119, 120, and 123].  For the reasons explained below, the Court will dismiss the Amended Complaint with leave to re-plead consistent with this Order.

## II.      DISCUSSION

### A.      Motion to Dismiss Standard

Under Rule 12(b)(6), a motion to dismiss should be granted if the plaintiff is unable to articulate "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 556).  When determining whether a claim has facial plausibility, "a court must view a complaint in the light most favorable to the plaintiff and accept all of the plaintiff's well-pleaded facts as true." *Am. United Life Ins. Co. v. Martinez*, 480 F.3d 1043, 1066 (11th Cir. 2007).

However, the court need not take allegations as true if they are merely "threadbare recitals of a cause of action's elements, supported by mere conclusory statements." *Iqbal*, 129 S. Ct. at 1949.  "Mere labels and conclusions or a formulaic recitation of the elements of a cause of action will not do, and a plaintiff cannot rely on naked assertions devoid of further factual enhancement." *Franklin v. Curry*, 738 F.3d 1246, 1251 (11th Cir. 2013).  "[I]f allegations are indeed more conclusory than factual, then the court does not have to assume their truth." *Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1337 (11th Cir. 2012).

Rule 9(b) provides that "in alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b).  "Rule 9(b) is satisfied if

the complaint sets forth (1) precisely what statements were made in what documents or oral

representations or what omissions were made, and (2) the time and place of each such statement

and the person responsible for making (or, in the case of omissions, not making) same, and (3)

the content of such statements and the manner in which they misled the plaintiff, and (4) what

the defendants obtained as a consequence of the fraud." *Ziemba v. Cascade Int'l, Inc.*, 256 F.3d

1194, 1202 (11th Cir. 2001) (internal quotations omitted).

###### A.   Defendants' arguments in support of dismissal

The RICO Defendants[1], which consist of every named Defendant except for Mitsubishi

Motors North America, Inc. ("MMNA"), jointly move to dismiss the Civil RICO counts alleged

in Counts I-IV of the Amended Complaint, on the grounds that Plaintiff impermissibly lumps

groups of individuals and/or entities, improperly conflating Defendants.  The RICO Defendants

also argue that Plaintiff's allegations violate the particularity requirements of Fed. R. Civ. P.

9(b), which standard is required for the fraud-based RICO claims alleged in this case, as

Defendants are alleged, individually and collectively, to have made false statements to Plaintiff,

but the Amended Complaint fails to identify which Defendant made what statements, any

allegations that the statements were indeed false, when or where the statements were made, the

content and manner in which the statements misled Plaintiff, how each Defendant knew that such

statements were false or what each Defendant gained by the alleged fraudulent

misrepresentations.  Moreover, the RICO Defendants contend that Plaintiff fails to state a claim

pursuant to Fed. R. Civ. P. 12(b)(6) for his RICO and RICO Conspiracy claims pursuant to

Federal and Florida law on numerous grounds, *inter alia*, that Plaintiff lacks RICO standing as

---

[1] The RICO Defendants' Joint Motion to Dismiss Counts I-IV (Civil Rico Counts) is located in the docket at [DE 119].

his injuries were not proximately caused by the alleged RICO violation, and his allegations fail

to establish a RICO enterprise, as well as a pattern of racketeering activity.

Defendants William Reichel ("Reichel") and Reichel Realty & Investments, Inc.

("Reichel Realty") (collectively, the "Reichel Defendants")[2] argue that the RICO conspiracy

claims alleged against them under federal and state law fail under Rules 12(b)(6) and 9(b) to

demonstrate that these Defendants were associated with the alleged RICO enterprise, merely

because they are alleged to have assisted a client in the lease and sale of his property.  The

Reichel Defendants also raise several grounds for dismissal of the other counts pled against them

in the Amended Complaint, which consist of the Florida law claims of Aiding and Abetting

Breach of Fiduciary Duties (Count XI), Conversion (Count XII), Unjust Enrichment (Count

XV), Accounting (Count XVI), Civil Conspiracy (Count XVII), Aiding and Abetting (Count

XVIII) and Civil Theft (Count XX). The Reichel Defendants contend that these counts fail to

meet the pleading requirements of *Twobly/Iqbal*, as the Amended Complaint fails to assert any

false statements or omissions attributed to Reichel or Reichel Realty or any facts that support a

contention that they participated in the fraudulent scheme or had actual knowledge of the alleged

wrongdoing.  The Reichel Defendants also argue that Plaintiff's claims against them fail as to

each of the state law claims for failure to allege facts sufficient to support the required elements

of those claims pursuant to Fed. R. Civ. P. 12(b)(6).  Lastly, they assert that Plaintiff's

conspiracy allegations and aiding and abetting allegations are impermissibly vague and are

merely legal conclusions not entitled to any deference at the pleading stage.

Defendants John Obeid ("Obeid") and Palm Beach Auto Wholesale LLC ("PBAW")

(collectively, the "Obeid Defendants")[3] argue that the Amended Complaint consists of a

---

[2] The Reichel Defendants' Motion to Dismiss Amended Complaint is located in the docket at [DE 113].
[3] The Obeid Defendants' Motion to Dismiss Amended Complaint is located in the docket at [DE 114].

dizzying array of almost incomprehensible pleading, whereby it is impossible to decipher exactly

what supposed wrongdoing they are each being accused of.  The fraud-based claims are not pled

with particularity under Rule 9(b) and otherwise are fatally deficient.  The other claims fail to

state a claim pursuant to Rule 12(b)(6).  Moreover, the very few allegations of the Amended

Complaint that are specific to the Obeid Defendants are conclusory, fail to demonstrate with

factual support that these defendants engaged in any wrongdoing, and fail to demonstrate actual

knowledge of wrongdoing by others, where required.

Defendants R & R Development GP, LLC, R & R North Lake Development, LLLP,

Rafih Florida Automotive, Inc., and Terry Rafih (collectively, the "Rafih Defendants") [4] assert

that the Amended Complaint is unclear as to what each of them supposedly did wrong, as the

pleading appears to presume that Terry Rafih undertook bad acts in the course of his agency with

one or more of these corporate entities.  They also argue that Plaintiff's allegations that he could

not comprehend the document he was signing is not plausible in light of the numerous factual

allegations of the Amended Complaint that Plaintiff accumulated a fortune in the United States

through his successful development and sale of multiple companies and his business acumen.

Further, it is not alleged that Plaintiff was not allowed an opportunity to have the document

satisfactorily translated for him.  Moreover, the limited factual allegations against the Rafih

Defendants do not meet the plausibility standards and fail to support claims against them

pursuant to Rule 9(b) for the fraud-based claims, as well as pursuant to Rule 12(b)(6) for the

other claims, including by contradicting the terms of the contractual agreement at issue and by

failing to allege facts supporting essential elements of those claims.

---

[4] The Rafih Defendants' Motion to Dismiss Amended Complaint is located in the docket at [DE 115].

Defendant Mitsubishi Motors North America, Inc. ("MMNA") [5] asserts that the negligence and gross negligence claims alleged against it should be dismissed at this stage as MMNA had no duty to Plaintiff as a matter of law to investigate Plaintiff's business partners for him and/or advise him against the business decisions he made.  Plaintiff's factual allegations are insufficient to demonstrate that MMNA owed a duty of care to Plaintiff in this case, as franchisors have no special relationship with or fiduciary duty to their franchisees or prospective franchisees; there is no duty of disclosure or protection between parties negotiating an arms' length transaction as to facts the other party could have discovered by his own due diligence; there is no duty to protect from the conduct of third parties there is no special relation; and there are no allegations in the Amended Complaint showing that MMNA engaged in any conduct that created a risk to Plaintiff, such as soliciting Plaintiff to purchase or invest in a Mitsubishi dealership or do business with any of the Defendants, or otherwise induced Plaintiff to do anything.  Further, the Florida Dealer Act, §§ 320.60-.70, Fla Stat., does not create a duty owed to Plaintiff by MMNA.

Defendant Thomas Dougherty[6] argues that Plaintiff's allegations do not plausibly show that Dougherty represented Plaintiff or led Plaintiff to believe that he represented him. Moreover, the Amended Complaint misrepresents to the Court the status of Plaintiff's legal representation, as Dougherty proffers that Plaintiff had independent and separate counsel during the closing.  Plaintiff's fraud-based claims against Dougherty fail to meet the particularity requirements of Rule 9(b) as well as fail to meet the required elements of those claims, including, *inter alia*, the reasonable reliance element.  In addition, Plaintiff's Amended Complaint

---

[5] MMNA's Motion to Dismiss Amended Complaint is located in the docket at [DE 116].
[6] Thomas Dougherty's Verified Motion to Dismiss and Motion to Strike Amended Complaint is located in the docket at [DE 117].

references subject matter irrelevant to the instant litigation that serves to confuse the issues in this case.

Defendant Sam Moshe[7] argues that the impermissible lumping of the Defendants throughout the pleading improperly conflates Moshe's alleged conduct with that of the other Defendants, and renders implausible claims based on purported misrepresentations made simultaneously by a group of multiple defendants.  Moshe also contends that the fraud-based claims alleged against him fail to meet the specificity requirements of Rule 9(b), and are otherwise defective as failing to allege facts supporting essential elements of those claims and contain allegations contradicted by the contractual agreement and other allegations in the pleading.  Additionally, Moshe asserts that the allegations do not plausibly support the existence of a fiduciary relationship between himself and Plaintiff.  The other claims alleged against him also fail to state a claim pursuant to Rule 12(b)(6) for failure to allege facts supporting essential elements of those claims, including, *inter alia,* that Moshe exercised dominion over Plaintiff's property or otherwise obtained a direct benefit from Plaintiff, that he had actual knowledge of an underlying tort by others, and that his actions substantially assisted such wrongdoing.

Defendants Avrham Amuial, Guy Amuial, Yossi Amuial, Checkered Flag Automotive, LLC, G.L. Cars, Inc., North Palm Hauling, LLC, RBA Auto Finance LLC, Orna Sastiel, Reuben Sastiel (collectively, the "Amuial Defendants")[8] contend that Plaintiff's claims, all based upon supposed underlying fraud, must be dismissed for failure to satisfy Rule 9(b)'s particularity requirement and impermissibly lumping multiple Defendants together throughout, failing to inform each defendant of his or its alleged role in the fraud.  The Amaui Defendants also argue

---

[7] Sam Moshe's Motion to Dismiss is located in the docket at [DE 118].
[8] Avrham Amuial, Guy Amuial, Yossi Amuial, Checkered Flag Automotive, LLC, G.L. Cars, Inc., North Palm Hauling, LLC, RBA Auto Finance LLC, Orna Sastiel, Reuben Sastiel's Motion to Dismiss is located in the docket at [DE 120].

that the Amended Complaint relies on vague and conclusory allegations, failing to meet Rules

8(a)(2), 12(b)(6), and the *Twombly/Iqbal* plausibility standards.  Plaintiff also fails to establish

the existence of a fiduciary relationship as to the counts which require that element, as he fails to

allege facts supporting such a relationship, alleges facts rendering implausible any basis for such

a relationship, and, moreover, all of the transactions at issue were arm's length transactions.

Additionally, the conspiracy and aiding and abetting claims should be dismissed for a variety of

reasons, including failure to adequately plead the underlying fraud and knowledge.

Defendants Roberto Habaue, SOMO Financial Services, Inc., and Ariad Sommer

(collectively, the "SOMO Defendants") [9] argue that in addition to the RICO claims addressed

*supra*, the 13 other claims alleged against them must be dismissed because they fail under the

plausibility pleading standards as to all claims and the specificity requirements of Rule 9(b) as to

the fraud-based claims for many reasons, including, *inter alia*, that Plaintiff has impermissibly

grouped the defendants, making it impossible to determine specifically who is alleged to have

done or said what and when it was said or done. The Amended Complaint fails to assert

sufficient factual allegations to demonstrate that the SOMO Defendants committed any specific

action that damaged Plaintiff, does not adequately or plausibly allege a fiduciary relationship

between Plaintiff and Habaue, SOMO, or Sommer, and does not allege that SOMO did not

comply with the stated terms of the floor plan agreement, which terms Plaintiff could have

discovered by his own diligence.

### B.   Improper group pleading requires dismissal of the Amended Complaint

Upon a careful review of the Amended Complaint, the Court agrees with Defendants that

the Court must dismiss the Amended Complaint for impermissibly lumping together the

---

[9] Roberto Habaue, SOMO Financial Services, Inc., and Ariad Sommer's Motion to Dismiss is located in the docket at [DE 123].

Defendants throughout the pleading.  Plaintiff has chosen to bring this case against

approximately 23 Defendants and has failed to adequately distinguish the allegations attributable

to each of the Defendants.

The Court finds that Plaintiff impermissibly lumps Defendants together throughout the

Amended Complaint in an improper shotgun format, rendering it unclear and confusing as to

which Defendant is being charged with which conduct in violation of Fed. R. Civ. P. 8(a)(2) and

10(b), as well as in violation of Rule 9(b) as to many of the asserted claims.  The Amended

Complaint is replete with allegations of wrongdoing by Defendants, lumped together, without

identifying which person or entity undertook the alleged acts, made the alleged statements, failed

to disclose facts, received benefits, etc., rendering it unclear and confusing as to which

Defendant is being charged with which conduct and on what basis.  The Amended Complaint is

devoid of specific allegations with respect to the separate Defendants.  Plaintiff must plausibly

allege what each of these Defendants specifically did to be liable as to each stated count.

Further, the 20 causes of action each purport to incorporate all approximately 350 paragraphs of

the Amended Complaint[10], despite that these paragraphs are not all properly directed at the

Defendants subject to that count, nor are they pertinent to each claim.

The Eleventh Circuit has explained that "asserting multiple claims against multiple

defendants without specifying which of the defendants are responsible for which acts or

omissions" is improper. *See Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1323

(11th Cir. 2015).  This kind of shotgun pleading "fail[s] to one degree or another, and in one way

or another, to give the defendants adequate notice of the claims against them and the grounds

upon which each claim rests." *Id.*  Here, Plaintiff's failure to separately allege facts and claims as

---

[10] Each count incorporates by reference as though fully restated therein either "Paragraphs 42 through 409" or "the allegations contained in Paragraphs 42 through 358 and Paragraphs 389 through 409." *See* [DE 97].

to each of these Defendants violates Rule 8 and *Twombly/Iqbal* – as well as Rule 9(b) as to the

fraud-based claims, requiring dismissal of the Amended Complaint without prejudice. *See*

*Naftali v. Capasso*, 2015 WL 4483995, at *4 (S.D. Fla. July 22, 2015) ("When a complaint

indiscriminately lumps all defendants together it fails to comply with Rule 8.") (quoting *Joseph*

*v. Bernstein*, 2014 WL 4101392, at *3 (S.D. Fla. Aug. 19, 2014). For this reason alone,

dismissal of the Amended Complaint is appropriate.

### C. Requirements for an amended pleading

As Plaintiff's claims suffer from the same lack of specificity as to each Defendant that

renders the entire Amended Complaint an impermissible shotgun pleading, the Court will require

Plaintiff to rectify the doomed pleading before the Court determines whether the claims

otherwise satisfy Rules 12(b)(6) and 9(b). Further, the Court directs Plaintiff that any amended

complaint should also attempt to cure the pleading inadequacies identified by Defendants'

motions. *See supra.*[11] Based upon the numerous deficiencies in the allegations offered in both

the original Complaint and the Amended Complaint, the Court suspects that many of Plaintiff's

20 claims are not likely to be curable by further opportunity to amend. Defendants may reassert

any arguments raised in their instant motions as to any amended complaint, to the extent that

they remain applicable. Any re-pled claims that do not meet the required pleading standards will

be dismissed with prejudice.

### III. CONCLUSION

Based upon the foregoing, it is **ORDERED AND ADJUDGED** as follows:

1. Defendants' Motions to Dismiss [DE's 113, 114, 115, 116, 117, 118, 119, 120, and

    123] are hereby **GRANTED IN PART** in accordance with this Order**;**

---

[11] The Court does not indicate by referencing or highlighting specific issues herein that there are not other issues that may need to be addressed, nor does it decide whether the other alleged deficiencies have merit.

11

2.   The Amended Complaint [DE 97] is **DISMISSED** in accordance with this Order**;**

3.   Plaintiff is granted leave to file a second amended complaint, consistent with this

Order, on or before December 27, 2018; a failure to do so shall result in the Court

closing this case.

**DONE AND ORDERED** in Chambers at Ft. Lauderdale, Broward County, Florida, this

12th day of December, 2018.

WILLIAM P. DIMITROULEAS
United States District Judge

Copies to:
Counsel of record

12