UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 9:18-CV-80390-WPD

BENNY BARMAPOV,

       Plaintiff,

v.

GUY AMUIAL, *et al.*,

       Defendants.
_____/

## **OMNIBUS ORDER**

THIS CAUSE is before the Court upon Defendant Thomas Dougherty's Verified Motion to Dismiss Second Amended Complaint [DE 165]; Defendants John Obeid, Palm Beach Auto Wholesale LLC, and Terry Rafih's Motion to Dismiss Second Amended Complaint [DE 166]; Defendants Guy Amuial, Yossi Amuial, Avrham Amuial, Reuben Sastiel, Orna Sastiel, G.L. Cars, Inc., Checkered Flag Automotive, LLC, RBA Auto Finance LLC, and North Palm Hauling, LLC\'s Motion to Dismiss and to Strike the Second Amended Complaint [DE 167]; and Defendants SOMO Financial Services, Inc., Roberto Habaue, and Ariad Sommer's Motion to Dismiss Second Amended Complaint [DE 168]. The Court has carefully considered the Motions, Plaintiff Benny Barmapov's Responses, Defendants' Replies, and is otherwise fully advised in the premises.

### I.    BACKGROUND

Plaintiff Benny Barmapov ("Plaintiff" or "Barmapov") filed the instant action on March 26, 2018. *See* [DE 1]. The 26 original Defendants filed motions to dismiss the original

1

Complaint.  In response, after a 60-day enlargement of time, Plaintiff filed an Amended Complaint on August 20, 2018. *See* [DE 97]. In his Amended Complaint, Plaintiff alleged claims against 23 Defendants (some individuals, others various business entities) and 20 John Doe Defendants over allegations that they engaged in a vast scheme to defraud him of approximately $4 million in connection with his investment in a Mitsubishi car dealership. *See generally* [DE 97] (Amended Complaint).  In his 113-page, 624 paragraph Amended Complaint, Plaintiff asserted the following twenty (20) claims against Defendants: Civil RICO in violation of 18 U.S.C. § 1962(c), (d); Florida Civil RICO in violation of Fla. Stat. § 772.103(3), (4); Fraudulent Inducement; Rescission; Common Law Fraud; Fraudulent Misrepresentation; Negligent Misrepresentation; Breach of Fiduciary Duties; Aiding and Abetting Breach of Fiduciary Duties; Conversion; Negligence; Gross Negligence; Unjust Enrichment; Accounting;  Civil Conspiracy; Aiding and Abetting; Declaratory Relief; and Civil Theft. *See id*.

On September 17-20, 2018, Defendants filed motions to dismiss the Amended Complaint. *See* [DE's 113, 114, 115, 116, 117, 118, 119, 120, and 123].  The motions were fully briefed and carefully reviewed.  On December 12, 2018, the Court entered an Order Dismissing Amended Complaint. *See* [DE 160].   Therein, the Court explained the grounds for dismissal argued by each motion to dismiss and held that improper group pleading required dismissal of the Amended Complaint, with leave to attempt to re-plead a Second Amended Complaint consistent with the Court's Order.  *See id.*  In a section of the Order entitled "Requirements for an amended pleading," the Court instructed Plaintiff as follows:

> As Plaintiff's claims suffer from the same lack of specificity as to each Defendant that renders the entire Amended Complaint an impermissible shotgun pleading, the Court will require Plaintiff to rectify the doomed pleading before the Court determines whether the claims otherwise satisfy Rules 12(b)(6) and 9(b).  Further, the Court directs Plaintiff that any amended complaint should also attempt to cure the pleading inadequacies identified by Defendants' motions. *See*

> *supra.*[1]  Based upon the numerous deficiencies in the allegations offered in both
> the original Complaint and the Amended Complaint, the Court suspects that many
> of Plaintiff's 20 claims are not likely to be curable by further opportunity to
> amend.  Defendants may reassert any arguments raised in their instant motions as
> to any amended complaint, to the extent that they remain applicable.  Any re-pled
> claims that do not meet the required pleading standards will be dismissed with
> prejudice.

*See* [DE 160] at p. 11.

On December 27, 2019, Plaintiff filed a Second Amended Complaint. *See* [DE 161]. Plaintiff now alleges nineteen (19) claims against sixteen (16) Defendants (some individuals, others various business entities) and 20 John Doe Defendants, again over allegations that they engaged in a vast scheme to defraud him of approximately $4 million in connection with his investment in a Mitsubishi car dealership. *See generally* [DE 161] (Second Amended Complaint).  In his 90-page, 440 paragraph Second Amended Complaint, Plaintiff asserts the following 19 claims against Defendants: Breach of Fiduciary Duties (Counts I-VI); Aiding and Abetting Breach of Fiduciary Duties (Counts VII-IX); Fraud (Count X-XVI); Aiding and Abetting Fraud (Counts XVII-XVIII); and Civil Conspiracy to Commit Breach of Fiduciary Duty and Defraud (Count XIX). *See id*.

Defendants filed motions to dismiss the Second Amended Complaint. *See* [DE's 165, 166, 167, 168].

## II. DISCUSSION

### A. Motion to Dismiss Standard

Under Rule 12(b)(6), a motion to dismiss should be granted if the plaintiff is unable to articulate "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the pleaded factual

---

[1] The Court does not indicate by referencing or highlighting specific issues herein that there are not other issues that may need to be addressed, nor does it decide whether the other alleged deficiencies have merit.

3

content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 556). When determining whether a claim has facial plausibility, "a court must view a complaint in the light most favorable to the plaintiff and accept all of the plaintiff's well-pleaded facts as true." *Am. United Life Ins. Co. v. Martinez*, 480 F.3d 1043, 1066 (11th Cir. 2007).

However, the court need not take allegations as true if they are merely "threadbare recitals of a cause of action's elements, supported by mere conclusory statements." *Iqbal*, 129 S. Ct. at 1949. "Mere labels and conclusions or a formulaic recitation of the elements of a cause of action will not do, and a plaintiff cannot rely on naked assertions devoid of further factual enhancement." *Franklin v. Curry*, 738 F.3d 1246, 1251 (11th Cir. 2013). "[I]f allegations are indeed more conclusory than factual, then the court does not have to assume their truth." *Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1337 (11th Cir. 2012).

Rule 9(b) provides that "in alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). "Rule 9(b) is satisfied if the complaint sets forth (1) precisely what statements were made in what documents or oral representations or what omissions were made, and (2) the time and place of each such statement and the person responsible for making (or, in the case of omissions, not making) same, and (3) the content of such statements and the manner in which they misled the plaintiff, and (4) what the defendants obtained as a consequence of the fraud." *Ziemba v. Cascade Int'l, Inc.*, 256 F.3d 1194, 1202 (11th Cir. 2001) (internal quotations omitted).

**B.    Discussion**

Despite three attempts to file a proper pleading in this case, Plaintiff has yet again filed a rambling, dizzying array of nearly incomprehensible pleading which still fails to provide a short

4

and plain statement justifying relief and fails to provide allegations that are simple, concise, and direct. Plaintiff wishes "to force the district court and the defendant[s] to rummage through page after page of facts and conclusions to make independent determinations regarding what allegations if any, fit with each claim, if any. . . . [Such a pleading cannot adequately put [defendants] on notice of [their] allegedly wrongful conduct." *See Carvel v. Godley*, 404 F. App'x 359, 361–62 (11th Cir. 2010). Nine (9) of the counts pled in the Second Amended Complaint (Counts I, II, III, IV, X, XI, XII, XIII, and XIX) incorporate by reference all of the allegations contained in Paragraphs 21-269. While there are circumstances reasonable to incorporate a set of background factual allegations and some general allegations common to each claim into every count, that it not the situation in this case regarding Plaintiff's attempt to incorporate hundreds of paragraphs of allegations spanning (50) pages into each of these nine counts. In addition, Plaintiff's Second Amended Complaint references (and these counts incorporate by reference) subject matter irrelevant to the instant litigation that serves to confuse the issues in this case. Further, to make matters worse, Plaintiff continues to impermissibly lump Defendants together throughout the Second Amended Complaint, rendering it unclear and confusing as to which Defendant is being charged with which specific conduct. For all of these reasons, the Second Amended Complaint is subject to dismissal. As Plaintiff has had three attempts to properly plead a complaint and has been given specific instructions and warnings from the Court regarding how to formulate a proper pleading, this dismissal shall be with prejudice.

Additionally, and/or as alternative grounds for dismissal, the Court has also carefully considered the other arguments, analysis and case law set forth in the Defendants' Motions to Dismiss, as well as those presented in Plaintiff's Responses, and Defendants' replies, and finds

those set forth herein to be well-taken and would also support dismissal of the Second Amended Complaint. In other words, while the Second Amended Complaint still "consists of a dizzying array of almost incomprehensible pleading, whereby it is impossible to decipher exactly what supposed wrongdoing they are each being accused of," *see* [DE 160] at pp. 5-6, the Court has nonetheless labored to distill and analyze the claims under the applicable pleading standards. The Court will briefly set forth its reasoning below.

Plaintiff alleges three claims against Defendant Thomas Dougherty, Count VI – Breach of Fiduciary Duty; Count VIII– Aiding and Abetting Breach of Fiduciary Duty; and Count XIX – Civil Conspiracy to Commit Breach of Fiduciary Duty and Defraud. Under Florida law, "[t]he elements of a cause of action for breach of fiduciary duty are (1) the existence of a duty, (2) breach of that duty, and (3) damages flowing from the breach." *Crusselle v. Mong*, 59 So.3d 1178, 1181 (Fla. 5th DCA 2011). A fiduciary relationship may be implied by law, and such relationships are "premised upon the specific factual situation surrounding the transaction and the relationship of the parties." *Doe v. Evans*, 814 So. 2d 370, 374 (Fla. 2002). "An implied fiduciary relationship will lie when there is a degree of dependency on one side and an undertaking on the other side to protect and/or benefit the dependent party." *Id.* (*quoting Masztal v. City of Miami*, 971 So.2d 803, 809 (Fla. 3d DCA 2007)). The breach of fiduciary duty claim against Dougherty fails from the start because Plaintiff's allegations do not plausibly allege facts establishing a fiduciary relationship between Plaintiff and Dougherty, nor do they plausibly demonstrate that Dougherty represented Plaintiff or led Plaintiff to have a reasonable subjective belief that Dougherty represented him. The breach of fiduciary duty count also fails because all of the transactions at issue were arm's length transactions where no special duty of disclosure exists. *See, e.g., Watkins v. NCNB Nat. Bank of Fla., N.A.*, 622 So. 2d 1063, 1065 (Fla. Dist. Ct.

App. 1993) ("In an arms-length transaction, however, there is no duty imposed on either party to act for the benefit or protection of the other party, or to disclose facts that the other party could, by its own diligence have discovered."). The aiding and abetting breach of fiduciary duty claim against Dougherty fails to state a claim because it is supported by mere conclusory statements and fails to allege facts that plausibly establish the required elements that Dougherty had knowledge of the underlying violation and that he rendered substantial assistance in committing the wrongdoing. *See, e.g., Perlman v. Wells Fargo Bank, N.A.*, 559 F. App'x 988, 993 (11th Cir. 2014)  ("The elements of a cause of action for aiding and abetting in Florida are: "(1) an underlying violation on the part of the primary wrongdoer; (2) knowledge of the underlying violation by the alleged aider and abettor; and (3) the rendering of substantial assistance in committing the wrongdoing by the alleged aider and abettor."). Count XIX – Civil Conspiracy to Commit Breach of Fiduciary Duty and Defraud, fails against Dougherty because it is generically alleging that Dougherty's mere presence or action in representing RFA constitutes the required overt action in furtherance of the alleged conspiratorial agreement. It also fails to meet the specificity requirement of Fed. R. Civ. P. 9(b).

Plaintiff alleges claims against Yossi Amuial, Guy Amuial, Avrham Amuial, and Reuben Sastiel for Fraud (Counts X, XI, XII, XIII) and for Breach of Fiduciary Duty (Counts I, II, III, IV), and against all Defendants, including Avrham Amuial, Guy Amuial, Yossi Amuial, Reuben Sastiel, Orna Sastiel, Checkered Flag Automotive, LLC, G.L. Cars, Inc., North Palm Hauling, LLC, RBA Auto Finance LLC, for Civil Conspiracy to Commit Breach of Fiduciary Duty and Defraud (Count XIX). Plaintiff's impermissible group pleading, in direct violation of the Court's clear directive, is particularly egregious as to Plaintiff's allegations regarding Defendants Yossi Amuial, Guy Amuial, Avrham Amuial, and Reuben Sastiel, and permeates the Second

Amended Complaint, rendering it unclear and confusing as to which Defendant is being charged with making what specific statements, and engaging in what specific conduct.[2] Barmapov employed this defective group pleading in dozens of paragraphs throughout the Second Amended Complaint.  While Plaintiff pled separate fraud counts against each of these Defendants, he failed to separate out the underlying factual allegations to plausibly allege what each Defendant specifically did to be liable, in violation of Fed. R. Civ. P. 8(a)(2) and 10(b), 12(b)(6), and the *Twombly/Iqbal* plausibility standards, as well as in violation of Rule 9(b)'s particularity requirement as to the fraud-based claims.  Plaintiff also fails to establish the existence of a fiduciary relationship as to the counts which require that element, as he fails to allege facts sufficient to establish such a relationship, and alleges facts rendering implausible any basis for such a relationship.  Further, while Plaintiff makes some allegations regarding the proposal of a joint venture, he fails to allege specific facts plausibly showing that a joint venture was established.[3]  Additionally, the civil conspiracy claim fails to adequately plead what overt act each particular Defendant did in pursuance of the conspiracy, and fails to adequately plead the underlying civil wrong and knowledge.

Plaintiffs allege claims against Defendants Somo Financial Services, Inc., Ariad Sommer, and Roberto Habaue for Breach of Fiduciary Duty (Count V); Aiding and Abetting Fiduciary

---

[2] *See, e.g.*, [DE 161] at ¶ 83 ("The Amuials and Reuben represented to Barmapov in one another's presence that each of these three existing companies had substantial assets."); ¶ 87 ("At these group meetings, Avrham, Yossi, Guy and Reuben, in one another's presence, and in the presence of Obeid when he was in attendance, made numerous representations to Barmapov to induce him to invest, none of which they ever intended to honor, including: (a) Barmapov, as the primary investor, would have sole, ultimate voting control over the joint venture; (b) The joint venture would consist of: (1) the Lake Park Mitsubishi new car franchise located at 572 Northlake Boulevard, West Palm Beach, to be re-named North Palm Mitsubishi, (2) the Checkered Flag used car dealership, (3) the used car wholesaler, GL Cars, and (4) the Buy Here Pay Here car financing company, RBA; (c) Barmapov would receive half of the profits from the joint business venture, with the four other partners—Avrham, Yossi, Guy and Reuben—dividing the remaining half; and (d) The other partners would permit Erit to supervise the venture on Barmapov's behalf. They would also permit her sons, Dean and Sean, to work for the joint venture and assist them in learning the car business.").

[3] In addition, it appears Plaintiff alleges breaches of fiduciary duty based on conduct that would have happened prior to the existence of any supposed fiduciary duty.

Duty (Count IX); Aiding and Abetting Fraud (Count XVIII); and Civil Conspiracy to Commit Breach of Fiduciary Duty and Defraud (Count XIX). Plaintiff also alleges a claim against Defendants Somo Financial Services, Inc. and Ariad Sommer for Fraud (Count XVI). The breach of fiduciary duty count fails because, *inter alia*, Plaintiff has not alleged sufficient facts demonstrating that a fiduciary duty existed between Plaintiff and these three Defendants. Rather, the conclusory assertion that these Defendants contractually agreed to serve as a de facto compensated fiduciary is devoid of the required supporting factual allegations necessary to plausibly establish a fiduciary relationship. *See Doe*, 814 So. 2d at 374; *Watkins*, 622 So. 2d at 1065. Count XVI, alleging fraud, also necessarily fails on this ground to the extent that that claim is premised upon fraudulent concealment based upon the existence of a fiduciary duty to disclose. The fraud claim against Somo and Sommer also fails to meet the specificity requirements of Rule 9(b) for many reasons, including that in many of the allegations supposedly supporting this count Plaintiff has impermissibly grouped the defendants, making it impossible to determine specifically who is alleged to have done or said what and when it was said or done. Plaintiff does not allege that his $1,200,000 cash collateral has been lost or even what the status is of his $1,200,000 cash collateral. Removing the vague and conclusory allegations, the Second Amended Complaint fails to assert sufficient factual allegations to demonstrate that SOMO, Sommer, or Habaue breached the terms of the subject inter-related financing contracts with Plaintiff or committed any specific action that damaged Plaintiff.

      Plaintiff alleges claims against Terry Rafih and John Obeid for Aiding and Abetting Breaches of Fiduciary Duty (Count VIII); Fraud (Counts XIV, XV); Aiding and Abetting Fraud (Count XVII). He also alleges a claim for Civil Conspiracy to Commit Breach of Fiduciary Duty and Defraud (Count XIX) against all Defendants, including Terry Rafih, John Obeid and Palm

9

Beach Auto Wholesale LLC, Obeid's car company.  The claims against these Defendants all appear to be based on Plaintiff's allegations that Obeid and Rafih represented to Plaintiff that Yossi, Guy, and Avrham Amuial were trustworthy.  These claims fail as a matter of law as these statements are merely an expression of opinion regarding someone's personal qualities. *See, e.g., Temurian v. Piccolo*, No. 18-CV-62737, 2019 WL 1763022, at *6 (S.D. Fla. Apr. 22, 2019) (dismissing misrepresentation claim based on alleged false statements that certain individuals were trustworthy and legitimate, ruling that those were non-actionable statements of opinion and that it would have been the responsibility of the buyer to investigate the truth of any such puffing statements).  In addition, there are no allegations that these Defendants prevented Barmapov from examining or investigations these opinions and/or otherwise exercising reasonable ordinary diligence to investigate Barmapov's chosen business associates.  Furthermore, Plaintiff's fraud-based claims against these Defendants fail to meet the particularity requirements of Rule 9(b), as well as fail to meet the required elements of those claims, including, *inter alia*, the reasonable reliance element, as other allegations in the Second Amended Complaint belie any claim of reasonable reliance by Plaintiff on these Defendants' opinions.

### III.   CONCLUSION

Based upon the foregoing, it is **ORDERED AND ADJUDGED** as follows:

1. Defendants' Motions to Dismiss [DE's 165, 166, 167, 168] are hereby **GRANTED** in accordance with this Order**;**

2. The Second Amended Complaint [DE 161] is **DISMISSED WITH PREJUDICE**;

3. The Clerk is **DIRECTED** to **CLOSE** this case and **DENY AS MOOT** any pending motions.

**DONE AND ORDERED** in Chambers at Ft. Lauderdale, Broward County, Florida, this 23rd day of May, 2019.

WILLIAM P. DIMITROULEAS
United States District Judge

Copies to:
Counsel of record