UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 18-cv-80390-DIMITROULEAS/MATTHEWMAN

BENNY BARMAPOV,

     Plaintiff,

v.

GUY AMUAIL, *et al.*,

     Defendants.

_____/



FILED BY _____ D.C.

FEB 2 4 2020

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S.D. OF FLA. – W.P.B.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION ON DEFENDANT DOUGHERTY'S VERIFIED MOTION FOR ATTORNEYS' FEES [DE 218]

THIS CAUSE is before the Court upon Defendant, Thomas H. Dougherty's ("Defendant") Verified Motion for Attorneys' Fees ("Motion") [DE 218]. United States District Judge William P. Dimitrouleas referred the Motion to the undersigned. *See* DE 219. Plaintiff, Benny Barmapov ("Plaintiff"), has filed a Response [DE 220], and Defendant has failed to file a timely reply. The matter is now ripe for review.

### I.    BACKGROUND

On March 26, 2018, Plaintiff filed a 112-page Complaint against Defendant and several co-defendants alleging 19 different counts, including a Florida civil RICO count against Defendant (Count IV). [DE 1, pp. 91-92]. On August 20, 2018, while multiple motions to dismiss were pending, Plaintiff filed his First Amended Complaint [DE 97]. This time, he alleged 20 different counts against Defendant and several co-defendants, including a Florida Civil RICO count (Count IV) against Defendant. *Id.* On December 12, 2018, the Court entered an Order Dismissing Amended Complaint [DE 160].

1

On December 27, 2018, Plaintiff filed his Second Amended Complaint [DE 161]. This time, Plaintiff alleged several counts against Defendant but abandoned the Florida civil RICO count against Defendant. *Id.* On May 24, 2019, the Court entered an Omnibus Order [DE 188] in which it granted the various motions to dismiss the Second Amended Complaint and dismissed the Second Amended Complaint with prejudice. The Court noted that Plaintiff had "yet again filed a rambling, dizzying array of nearly incomprehensible pleading which still fails to provide a short and plain statement justifying relief and fails to provide allegations that are simple, concise, and direct." [DE 188, pp. 4-5].

On August 21, 2019, Defendant filed his first Verified Motion for Attorneys' Fees [DE 200]. Thereafter, the undersigned issued a Report and Recommendation noting that the Motion for Attorneys' Fees [DE 200] was not in compliance with Southern District of Florida Local Rule 7.3(a)(5)(C) in that it lacked a description of the tasks done during the hours expended by each time keeper. [DE 213, p. 2]. The undersigned recommended that the Motion for Attorneys' Fees be denied without prejudice to Defendant's ability to file a verified motion for attorney's fees that fully complied with all subsections of Local Rule 7.3 within 10 days of the District Judge's ruling on the Report and Recommendation. *Id.* at p. 2-3. On November 25, 2019, the Honorable William P. Dimitrouleas, United States District Judge, adopted and approved the Report and Recommendation and denied without prejudice Defendant's Motion for Attorneys' Fees. [DE 217]. On November 25, 2019, Defendant filed a second motion for attorney's fees, which is the Motion [DE 218] currently pending before the undersigned. This time, he attached his Affidavit and time records [DE 218-1].

In his Motion, which Defendant filed *pro se*, Defendant is seeking attorney's fees pursuant to 1) Fla. Stat. § 772.104 (Florida civil RICO), 2) Fla. Stat. § 772.11 (Florida civil theft), 3) Federal

2

Rule of Civil Procedure 11, and 4) the Court's inherent authority. [DE 218, p. 4]. Defendant asserts that Plaintiff alleged Florida civil RICO and civil theft claims against him in the First Amended Complaint that lacked substantial factual or legal support and then abandoned those claims in the Second Amended Complaint. *Id.* at pp. 4-7. He also argues that the Court has the inherent power to sanction the bad-faith conduct of Plaintiff and his counsel. *Id.* at pp. 7-13. Defendant is seeking a total of $42,717.50 in attorney's fees. *Id.* at p. 13.

In response, Plaintiff first argues that the Motion should be denied because Defendant is an attorney and also a *pro se* litigant and, therefore, is not entitled to fees under fee-shifting statutes. [DE 220, pp. 5-6]. Plaintiff next argues that to the extent it seeks Rule 11 sanctions, the Motion should be denied because it is untimely, differs from Defendant's draft Rule 11 motion, is impermissibly joined with other motions, and fails to comply with Rule 11. *Id.* at pp. 6-8. Plaintiff further argues that the Motion improperly fails to apportion fees in a way that shows which fees are attributable to the Florida civil RICO claim and which are not. *Id.* at pp. 8-9. Plaintiff points out that he never asserted a Florida civil theft claim against Defendant in any version of his complaint. *Id.* at pp. 10-11. Next, Plaintiff maintains that the Florida civil RICO statute is preempted by Rule 11. *Id.* at pp. 11-12. Finally, he argues that the underlying facts in this case do not support sanctions under Rule 11 or the Court's inherent authority. *Id.* at pp. 12- 19.

## II.    ENTITLEMENT TO ATTORNEY'S FEES

Defendant is moving for attorney's fees on four grounds: (1) under Fla. Stat. § 772.104 (Florida civil RICO), (2) under Fla. Stat. § 772.11(1) (Florida civil theft), (3) under the inherent power of the Court, and (4) under Federal Rule of Civil Procedure 11. The Court discusses each of Defendant's requests below.

## A. Defendant's request for attorney's fees under the Florida civil RICO statute

### i. Preemption Argument

As an initial matter, the Court rejects Plaintiff's argument that the Florida civil RICO statute is preempted by Rule 11. Federal courts have regularly awarded attorney's fees under the Florida civil RICO statute. *See Filippova*, 2019 WL 1216150, at *3; *Allstate Ins. Co. v. Palterovich*, 653 F. Supp. 2d 1306, 1335 (S.D. Fla. 2009); *Rogers v. Nacchio*, No. 05-60667-CIV, 2007 WL 1064314, at *4 (S.D. Fla. Apr. 6, 2007); *Colite Int'l, Inc. v. Robert L. Lipton, Inc.*, No. 05-60046-CIV, 2007 WL 9698300, at *5 (S.D. Fla. Mar. 13, 2007). Furthermore, Plaintiff has not cited to any cases out of any district in Florida that support his preemption argument. Plaintiffs' preemption argument is meritless.

### ii. Whether an Attorney Representing Himself Can Recover Fees under the Statute

Next, the Court must consider the issue of whether Defendant, a Florida Bar licensed attorney representing himself *pro se*, can recover attorney's fees under Fla. Stat. § 772.104 (Florida civil RICO). Since Defendant did not discuss the issue of whether a *pro se* attorney can recover fees under the Florida civil RICO statute in his Motion, Defendant filed no reply in this case, and Plaintiff very briefly discussed this issue in his Response, the Court has expended extensive judicial resources researching this issue. It appears that there is no case law on the specific issue of whether a *pro se* attorney can recover fees in federal court under the Florida civil RICO statute.

In his Response, Plaintiff relies on *Kay v. Ehrler*, 499 U.S. 432 (1991), for the premise that Defendant, an attorney representing himself throughout the pendency of this litigation, cannot recover fees under the Florida civil RICO statute. In *Kay*, the Supreme Court held that an attorney

who represented himself in a civil rights case could not recover attorney's fees under 42 U.S.C. § 1988. The Supreme Court explained that the "overriding statutory concern is the interest in obtaining independent counsel for victims of civil rights violations. We do not, however, rely primarily on the desirability of filtering out meritless claims. Rather, we think Congress was interested in ensuring the effective prosecution of meritorious claims." *Id.* at 437. The United States Court of Appeals for the Eleventh Circuit and a Southern District of Florida court more recently applied the same reasoning to a fee request and denied attorneys representing themselves *pro se* attorney's fees for their own services; however, those two cases both involved federal law—the Freedom of Information Act and the Equal Access to Justice Act. *Celeste v. Sullivan*, 988 F.2d 1069, 1069 (11th Cir. 1992) (denying *pro se* attorney's claim for fees under the Equal Access to Justice Act) *Ray v. U.S. Dep't of Justice, I.N.S.*, 856 F. Supp. 1576, 1581 (S.D. Fla. 1994), *aff'd sub nom. Ray v. U.S. Dep't of Justice*, 87 F.3d 1250 (11th Cir. 1996) ("The Court finds that although *Kay* was decided in the context of a fee request under § 1988, the reasoning also applies to the instant fee request under FOIA. As the District of Columbia Circuit has noted, the *Kay* Court implicitly rejected the argument that the fee-shifting provisions of FOIA and § 1988 were designed to serve different purposes."). Thus, it appears that an attorney representing himself cannot recover attorney's fees or costs at least in multiple different contexts in federal court. In fact, as discussed below, an attorney representing himself cannot recover attorney's fees or costs under Rule 11.

However, since Defendant is traveling under the Florida civil RICO statute in his request for attorney's fees, the Court must consider Florida law on this issue. "The general rule is that federal courts sitting in diversity apply state law to substantive issues, and federal law to procedural matters." *Kaplan v. Zucker & Assocs., P.A.*, No. 13-80451-CIV, 2013 WL 6002216, at *2 (S.D. Fla. Nov. 12, 2013) (citing *Erie R.R. Co. v. Tompkins,* 304 U.S. 64, 78–79, 58 S.Ct. 817,

82 L.Ed. 1188 (1938)). "Attorney fee awards are generally substantive for *Erie* purposes." *Id.* (citing *McMahon v. Toto,* 256 F.3d 1120, 1132 (11th Cir. 2001), *modified on other grounds,* 311 F.3d 1077(11th Cir. 2002)); *Allied World Nat'l Assurance Co. v. Feldman*, No. 13-CV-62502, 2014 WL 11721960, at *3 (S.D. Fla. Dec. 22, 2014), *report and recommendation adopted,* No. 13-62502-CV, 2015 WL 11182079 (S.D. Fla. Jan. 12, 2015); *Opus Grp., LLC. v. Int'l Gourmet Corp.*, No. 11-23803-CIV, 2013 WL 12383485, at *2 (S.D. Fla. July 26, 2013); *Oliva v. NBTY, Inc.*, No. 11-80850-CIV, 2012 WL 12850142, at *4 (S.D. Fla. Feb. 2, 2012), *report and recommendation adopted,* No. 11-80850-CIV, 2012 WL 12849958 (S.D. Fla. Apr. 26, 2012).

Prior to the *Kay* decision, several Florida courts awarded attorney's fees in favor of attorneys representing themselves *pro se*. *See, e.g., Quick & Reilly, Inc. v. Perlin*, 411 So. 2d 978, 980 (Fla. Dist. Ct. App. 1982) (finding that the trial court properly awarded an attorney representing himself *pro se* an award of attorney's fees upon entry of the final default judgment); *see also Friedman v. Backman*, 453 So. 2d 938, 938 (Fla. Dist. Ct. App. 1984) ("We have no difficulty in holding that, in a frivolous suit against a lawyer, he is entitled to attorney's fees for his time and effort under Section 57.105, just as he is for services rendered by counsel he employs to represent him."); *McClung v. Posey*, 514 So. 2d 1139, 1140 (Fla. Dist. Ct. App. 1987) ("We agree with the majority view and hold that attorney fees should be awarded to an attorney representing himself in a case where the fees would be recoverable by the same party if represented by independent counsel.").

More importantly for the Court's analysis, however, there are also post-*Kay* Florida decisions in which *pro se* attorneys have been awarded attorney's fees. For example, in *Albritton v. Ferrara*, 913 So.2d 5, 10 (Fla. Dist. Ct. App. 2005), the First District Court of Appeal found that a *pro se* attorney was entitled to attorney's fees under Fla. Stat. § 57.105. The court found, "because

6

an award of attorney's fees under section 57.105 is proper, Langford is entitled to such a fee for representing himself just as though he had hired outside counsel. In fact, he is entitled to reasonable fees even if the award results in a windfall. The trial court erred by denying Langford's motion for attorney's fees." *Id.* at 10.

The Honorable James I. Cohn, Senior United States District Judge, citing *Albritton*, later determined in a 2010 case that "Florida law indicates that an attorney representing herself may receive an award of fees." *Millette v. DEK Techs., Inc.*, No. 08-60639-CV, 2010 WL 11505115, at *2 (S.D. Fla. Feb. 12, 2010) (awarding attorney's fees to an attorney representing herself under Fla. Stat. § 768.79). Judge Cohn stated in a footnote the following:

> The Court recognizes that a client who is an attorney is free to represent herself and, if she prevails, recover the reasonable value of the time she spent litigating the matter pursuant to a fee-shifting statute. Alternatively, a client who is an attorney is free to hire counsel to litigate the matter on her behalf, thereby freeing up the client to devote her time to her other affairs. The client, if she prevails, may then recover the fees she owes to the hired counsel (assuming the fees are reasonable and the fee shifting is authorized by statute).

*Id.* at *3.[1]

Additionally, in the recent Fifth District Court of Appeal case *Nunez v. Allen*, No. 5D14-4386, 2019 WL 5089715, at *3 (Fla. Dist. Ct. App. Oct. 11, 2019), the Florida appellate court found that the rationale from *Kay* did not apply when an attorney representing himself or herself was seeking attorney's fees under Fla. Stat. § 768.79 and Florida Rule of Civil Procedure 1.442. However, the court specifically explained that "unlike the purpose of the attorney's fees provision in the federal statute discussed in *Kay*, section 768.79, Florida Statutes, and Florida Rule of Civil Procedure 1.442 are not intended to encourage plaintiffs to obtain the advice of

---

[1] *See also Kaplan v. Zucker & Assocs., P.A.*, No. 13-80451-CIV, 2013 WL 6002216, at *2 (S.D. Fla. Nov. 12, 2013) (noting that it was unclear whether a "Florida state court would find the federal cases cited by Defendants persuasive enough to abrogate former Florida law permitting *pro se* litigants to recover attorney's fees.").

independent counsel. Rather, their purpose is to penalize a party who rejects a reasonable settlement offer." *Id.*

Therefore, as discussed herein, while some Florida appellate courts have found post-*Kay* that a *pro se* attorney can be entitled to an award of attorney's fees under various Florida statutes, the courts are careful to discuss the rationale of the specific statute under which they are traveling. The courts have determined that, if the purpose of fee-shifting in a given Florida statute differs from the purpose of the fee-shifting in section 1988, then the *Kay* logic does not apply.

Here, the clear purpose of Fla. Stat. § 772.104(3) is to penalize plaintiffs who raise Florida civil RICO claims without substantial factual or legal support and to incentivize plaintiffs not to file Florida civil RICO claims that lack factual or legal support. *Colite Int'l, Inc.* 2007 WL 9698300, at *3 ("The apparent intent of the Florida legislature in adopting the less stringent standard was 'to discourage frivolous RICO claims or claims brought for the purpose of intimidation because the stigma and burden of defending such claims is so great.'") (quoting *Johnson Enterprises of Jacksonville, Inc. v. FPL Group, Inc.*, 162 F.3d 1290, 1330-1331 (11th Cir. 1998)). In *Kay*, on the other hand, the Supreme Court specifically noted that it was not "rely[ing] primarily on the desirability of filtering out meritless claims." 499 U.S. at 437. Rather, the Supreme Court found that the federal fee-shifting provision at issue in *Kay* was intended to encourage plaintiffs to obtain the advice of independent counsel. *Id.* Therefore, the rationale behind *Kay* should not apply to the fee-shifting provision in Fla. Stat. § 772.104.

Moreover, the language in Fla. Stat. § 772.104(3) is somewhat analogous to the language in Fla. Stat. § 57.105, which penalizes plaintiffs who raise frivolous claims. And, as stated above, Florida courts have found, post-*Kay*, that an attorney representing himself can recover attorney's fees and costs under Fla. Stat. § 57.105. Thus, the Court finds it appropriate and prudent to follow

8

the Florida precedent that allows recovery of attorney's fees by an attorney representing himself under Fla. Stat. § 772.104(3). It seems that, under the current state of Florida law, Defendant, an attorney representing himself in this matter, can recover attorney's fees under the Florida civil RICO statute. This is also a logical result as an attorney and member of the Florida Bar, such as Defendant, who represents himself or herself in a civil RICO action must necessarily take time away from other cases or clients in order to defend himself or herself. Therefore, the attorney defending himself or herself loses the ability, in part, to earn fees on other cases or clients.

Finally, the Court notes that Plaintiff glossed over this issue and failed to cite any law to support its position that *Kay* abrogates Florida law which does allow an award of attorney's fees and costs to attorneys representing themselves. A more careful analysis of the applicable law establishes that Defendant is entitled to his attorney's fees reasonably expended on defending against the Florida civil RICO claim.

### iii.  Whether the Facts Permit Recovery of Fees under § 772.104(3)

Florida Statute § 772.104(3) states in relevant part:

> The defendant shall be entitled to recover reasonable attorney's fees and court costs in the trial and appellate courts upon a finding that the claimant raised a claim which was without substantial fact or legal support. In awarding attorney's fees and costs under this section, the court shall not consider the ability of the opposing party to pay such fees and costs.

"Florida's Civil Remedies for Criminal Practices Act ('FCRCP'), Fla. Stat. § 772.104, provides for an award of attorney's fees to the defendant if the claim was raised without substantial fact or legal support, as demonstrated by dismissal of the civil RICO counts." *Rogers*, 2007 WL 1064314, at *4 (citing *Johnson Enterprises of Jacksonville, Inc.* 162 F.3d 1290 at 1331; *Foreman v. E.F. Hutton & Co., Inc.*, 568 So.2d 531, 531 (Fla. 3d DCA 1990)). "Clearly, a claim that is missing an essential element is, 'by definition[,] without *any* factual evidentiary support, let alone substantial

fact.'" *Molinos Valle del Cibao, C. por A. v. Lama*, No. 07-23066-CIV, 2008 WL 11333583, at *2 (S.D. Fla. Oct. 17, 2008), *report and recommendation adopted*, No. 07-23066-CIV, 2008 WL 11333585 (S.D. Fla. Oct. 31, 2008) (quoting *Friedman v. Lauderdale Med. Equip. Serv., Inc.*, 591 So. 2d 328, 329 (Fla. 4th DCA 1992)).

Here, in the initial Complaint, Plaintiff alleged a Florida civil RICO count against Defendant. [DE 1, pp. 91-92]. Then, even after Plaintiff had the benefit of reviewing all of the pending motions to dismiss, Plaintiff alleged the same Florida civil RICO count against Defendant in the First Amended Complaint. [DE 97, pp. 91-92].

The Court dismissed the First Amended Complaint, explaining that Plaintiff had impermissibly lumped together the defendants. [DE 160, pp. 9-10]. The Court explained "[a]s Plaintiff's claims suffer from the same lack of specificity as to each Defendant that renders the entire Amended Complaint an impermissible shotgun pleading, the Court will require Plaintiff to rectify the doomed pleading before the Court determines whether the claims otherwise satisfy Rules 12(b)(6) and 9(b)." *Id.* at p. 11. The Court further stated that "[b]ased upon the numerous deficiencies in the allegations offered in both the original Complaint and the Amended Complaint, the Court suspects that many of Plaintiff's 20 claims are not likely to be curable by further opportunity to amend." *Id.* After the Court dismissed the First Amended Complaint, Plaintiff abandoned the Florida civil RICO claim against Defendant in the Second Amended Complaint.

The facts of this case justify an award of attorney's fees against Plaintiff and in favor of Defendant under Fla. Stat. § 772.104(3). The record sufficiently establishes that Plaintiff lacked substantial factual or legal support when he alleged a Florida civil RICO cause of action against Defendant. Accordingly, the Court finds that Defendant is entitled to an award of his reasonable attorney's fees against Plaintiff pursuant to that statute.

**B. Defendant's request for attorney's fees under the Florida civil theft statute**

Plaintiff never alleged Florida statutory civil theft against Defendant in any version of the complaint. It appears that Defendant copied and pasted this section of his Motion from his co-defendants' motions for attorney's fees. Defendant's request for attorney's fees under the Florida civil theft statute is frivolous and must be denied.

**C. Defendant's request for attorney's fees under Rule 11**

Federal Rule of Civil Procedure 11(c)(2) states the following:

> A motion for sanctions must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b). The motion must be served under Rule 5, but it must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 dates after service or within another time the court sets. If warranted, the court may award to the prevailing party the reasonable expenses, including attorney's fees, incurred for the motion.

Fed. R. Civ. P. 11(c)(2).

"[A] party seeking Rule 11 sanctions must comply with two procedural requirements: (1) the party must file a separate motion seeking the sanctions and describe the specific conduct warranting sanctions and (2) the party must serve the motion on the opposing party pursuant to Rule 5, but cannot file the motion with the Court until after the offending party has been provided with twenty-one days in which to cure the challenged filing/behavior. This second requirement is commonly referred to as the 'safe harbor' requirement." *Ross v. Dep't of Children*, No. 3:13-CV-1185-J-39JRK, 2014 WL 12628541, at *2 (M.D. Fla. May 27, 2014). "The purpose of Rule 11(c)(2)'s safe harbor provision is to allow an attorney who violates Rule 11 to correct the alleged violation within twenty-one days without being subject to sanctions." *Peer v. Lewis*, 606 F.3d 1306, 1315 (11th Cir. 2010).

Defendant's request for Rule 11 sanctions is due to be denied because the Defendant did

11

not file a separate motion seeking the sanctions. *See Ross*, 2014 WL 12628541, at *2. Moreover, Defendant failed to comply with the safe harbor provision described in Fed. R. Civ. P. 11(c)(2) because his proposed motion for Rule 11 sanctions that was provided to Plaintiff was different from the Motion actually filed in this case.

Additionally, under federal law, "[b]ecause a party proceeding pro se cannot have incurred attorney's fees as an expense, a district court cannot order a violating party to pay a pro se litigant a reasonable attorney's fee as part of a sanction." *Oceanside Lauderdale, Inc. v. Ocean 4660, LLC*, No. 10-60025-CIV, 2011 WL 1327379, at *3 (S.D. Fla. Mar. 8, 2011), report and recommendation adopted, No. 10-60025-CIV, 2011 WL 1303133 (S.D. Fla. Apr. 5, 2011) (quoting *Massengale v. Ray*, 267 F.3d 1298, 1302–03 (11th Cir. 2001)).[2]

### D. Defendant's request for attorney's pursuant to the Court's inherent power

The Court can impose sanctions pursuant to the Court's inherent power. The Court's inherent power is derived from the Court's need "to manage [its] own affairs so as to achieve the orderly and expeditious disposition of cases." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43, 111 S.Ct. 2123, 115 L.Ed.2d 27 (1991) (internal citations and quotation marks omitted). Courts have long been recognized as having certain implied powers that are "necessary to the exercise of all others." *Id.* at 43 (citing *United States v. Hudson*, 7 Cranch 32, 34, 3 L.Ed. 259 (1812) and *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 764, 100 S.Ct. 2455, 65 L.Ed.2d 488 (1980)). These powers are "governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of

---

[2] The fact that federal courts do not permit any *pro se* litigants to recover attorney's fees under Rule 11 may seem contradictory to the Court's earlier analysis of the Florida civil RICO statute. However, the Court is required to analyze the fee-shifting section of the Florida civil RICO statute under Florida law, and Florida law does permit *pro se* litigants, including attorneys representing themselves, to recover attorney's fees in certain situations, such as the instant case, as explained earlier in this Report and Recommendation.

cases." *Chambers*, 501 U.S. at 43 (quoting *Link v. Wabash R. Co.*, 370 U.S. 626, 630-31, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962)). A court's "inherent power extends to a full range of litigation abuses" and "must continue to exist to fill in the interstices." *Id.* at 46.

A federal court possesses the inherent power to impose sanctions when there has been willful misconduct. *Chambers*, 501 U.S. at 43. To exercise its inherent power to impose sanctions, a court must find that the party acted in bad faith. *McDonald v. Cooper Tire & Rubber Co.*, 186 F. App'x 930, 931 (11th Cir. 2006); *Martin v. Automobili Lamborghini Exclusive, Inc.*, 307 F.3d 1332, 1335 (11th Cir. 2002); *see also Thomas v. Tenneco Packaging Co.*, 293 F.3d 1306, 1320 (11th Cir. 2002) (noting that "before a court can impose sanctions against a lawyer under its inherent power, it must find that the lawyer's conduct constituted or was tantamount to bad faith.") (citation and quotations marks omitted). "An attorney acts in bad faith where he, e.g., knowingly or recklessly pursues a frivolous claim or needlessly obstructs the litigation of a non-frivolous claim." *JTR Enterprises, LLC v. An Unknown Quantity*, 93 F. Supp. 3d 1331, 1365 (S.D. Fla. 2015), *aff'd sub nom. JTR Enterprises, LLC v. Columbian Emeralds*, 697 F. App'x 976 (11th Cir. 2017) (citing *Amlong & Amlong, P.A. v. Denny's, Inc.*, 500 F.3d 1230, 1242 (11th Cir. 2007)).

Defendant has not established that Plaintiff's counsel litigated this case in bad faith. Defendant has not established willful misconduct. Furthermore, Defendant has not shown, and the record does not establish, that Plaintiff or his counsel knowingly or recklessly pursued a frivolous claim. Thus, the undersigned finds it would be improper to impose attorney's fees as sanctions under the Court's inherent power.

### III.   CALCULATION OF THE ATTORNEY'S FEE AWARD TO DEFENDANT

A reasonable attorney's fee award is "properly calculated by multiplying the number of

hours reasonably expended on the litigation times a reasonable hourly rate." *Am. Civil Liberties Union v. Barnes*, 168 F.3d 423, 427 (11th Cir. 1999) (*quoting Blum v. Stenson*, 465 U.S. 886, 888 (1994)). This "lodestar" may then be adjusted for the results obtained by the attorney. *See Barnes*, 168 F.3d at 427 (*citing Loranger v. Stierheim*, 10 F.3d 776, 781 (11th Cir. 1994)). "In determining what is a 'reasonable' hourly rate and what number of compensable hours is 'reasonable,' the court is to consider the 12 factors enumerated in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974)." *Bivins v. Wrap It Up, Inc.*, 548 F.3d 1348, 1350 (11th Cir. 2008). These factors are:

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Id.* at 1350 n. 2 (citation omitted).

The reasonable hourly rate is defined as the "prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Barnes*, 168 F.3d at 436 (*quoting Norman v. Housing Auth. of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1999)). The fee applicant bears the burden of establishing the claimed market rate. *See Barnes*, 168 F.3d at 427. The Court may use its own experience in assessing the reasonableness of attorney's fees. *Norman*, 836 F.2d at 1299.

With regard to the type of evidence that the fee claimant should produce in support of a claim, in *Barnes*, the Eleventh Circuit has stated,

> The "fee applicant bears the burden of establishing entitlement and documenting the appropriate hours and hourly rates." *Norman*, 836 F.2d at 1303.   That burden

14

includes "supplying the court with specific and detailed evidence from which the court can determine the reasonable hourly rate. Further, fee counsel should have maintained records to show the time spent on the different claims, and the general subject matter of the time expenditures ought to be set out with sufficient particularity so that the district court can assess the time claimed for each activity . . . . A well-prepared fee petition also would include a summary, grouping the time entries by the nature of the activity or stage of the case." *Id.* (citations omitted).

168 F.3d at 427.

In submitting a request for attorney's fees, fee applicants are required to exercise "billing judgment." *Barnes*, 168 F.3d at 428 (*quoting Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). If fee applicants do not exclude "excessive, redundant, or otherwise unnecessary" hours, which are hours "that would be unreasonable to bill to a client and therefore to one's adversary *irrespective of the skill, reputation or experience of counsel,*" the court must exercise billing judgment for them. *See Barnes*, 168 F.3d at 428 (*quoting Norman*, 836 F.2d at 1301 (*emphasis in original*)). The burden rests on the movant to submit a request for fees that will enable the court to determine how much time was reasonably expended. *Loranger*, 10 F.3d at 782.

## A. **Counsel's Hourly Rate**

Defendant has filed his own Affidavit [DE 218-1, pp. 1-4] to support the attorney's fees award requested. According to the Affidavit, Defendant billed at an hourly rate of $350 in this matter. *Id.* at p. 3. Defendant, Thomas H. Dougherty is a member of the Florida Bar who has been practicing law in the State of Florida since 1992 and practices litigation in state and federal court. *Id.* at p. 1.

The Court notes that the lack of an expert affidavit in support of the claimed rate is not fatal. After all, "the court, either trial or appellate, is itself an expert on the question and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value." *Norman*, 836

F.2d at 1303 (citations omitted).

Plaintiff has not specifically objected to the rates of Defendant. Having considered information contained in Defendant's Motion and the *Johnson* factors, and based upon the undersigned's own knowledge and experience, the undersigned concludes the hourly rate sought by Defendant is reasonable. Therefore, the undersigned **RECOMMENDS** that the District Judge find that Defendant's hourly rate of $350 is reasonable.

## B. <u>Number of Hours Reasonably Expended</u>

### (1) **Whether the claims alleged against Defendant are inextricably intertwined**

The undersigned has already determined that Defendant is entitled to recover reasonable attorney's fees for legal work related to the Florida civil RICO cause of action—which was asserted in both the initial Complaint and First Amended Complaint. The Court must now address the number of hours reasonably expended by Defendant. Defendant contends he spent 122.05 hours in securing dismissal of the action and defense of the action. [DE 218-1, p. 3].

"Where…'a party is entitled to an award of fees for only some of the claims involved in the litigation, i.e., because a statute or contract authorizes fees for a particular claim but not others, the trial court must evaluate the relationship between the claims' to determine the scope of the fee award." *Durden v. Citicorp Tr. Bank, FSB*, 763 F. Supp. 2d 1299, 1306–07 (M.D. Fla. 2011) (quoting *Chodorow v. Moore*, 947 So.2d 577, 579 (Fla. 4th DCA 2007)). If "the claims involve a 'common core' of facts and are based on 'related legal theories,' a full fee may be awarded *unless it can be shown that the attorneys spent a separate and distinct amount of time on* counts *as to which no attorney's fees were sought* [*or were authorized* ]." *Id.* (quotation and internal quotation marks omitted) (alteration in *Chodorow*); *see also United States v. Jones*, 125 F.3d 1418, 1430 (11th Cir. 1997).

"[W]here a particular claim is subject to a fee entitlement but one or more related claims are not, 'time spent marshaling the facts' of the related claims is compensable because it 'likely would have been spent defending any one or all of the counts.'" *Durden*, 763 F.Supp. 3d 1306 (citing *Caplan v. 1616 E. Sunrise Motors, Inc.*, 522 So.2d 920, 922 (Fla. 3d DCA 1988)). "In contrast, time spent researching a 'discrete issue' as to a claim without a fee entitlement should not be included in a fee award." *Id.* at 1306-1307. When the facts and claims are closely related, courts are not required to parse counsel's time. *Brown Jordan Int'l, Inc. v. Carmicle*, No. 14-60629-CV, 2017 WL 5633312, at *4 (S.D. Fla. Aug. 7, 2017), *report and recommendation adopted*, No. 0:14-CV-60629, 2017 WL 5632811 (S.D. Fla. Aug. 22, 2017).

"The fee applicant (whether a plaintiff or a defendant) must, of course, submit appropriate documentation to meet 'the burden of establishing entitlement to an award.'" *Fox v. Vice*, 563 U.S. 826, 838 (2011) (citing *Hensley*, 461 U.S. at 437). "But trial courts need not, and indeed should not, become green-eyeshade accountants. The essential goal in shifting fees (to either party) is to do rough justice, not to achieve auditing perfection. So trial courts may take into account their overall sense of a suit, and may use estimates in calculating and allocating an attorney's time." *Id.*

Defendant cites to *Filippova v. Mogilevsky*, No. 18-80044-CIV, 2019 WL 1216150, at *3 (S.D. Fla. Feb. 14, 2019), *report and recommendation adopted*, No. 18-80044-CIV, 2019 WL 1216205 (S.D. Fla. Mar. 7, 2019), as well as several other cases, for the premise that the claims in the various complaints in this case were inextricably intertwined. In *Filippova*, the court entered an order dismissing the second amended complaint, explaining that it was a shotgun complaint that failed to separate each cause of action into separate counts and improperly lumped together defendants. *Id.* at * 6. In ruling on the attorney's fees issue, the court noted that "[t]he rambling and intertwined nature of the allegations in the complaints certainly contributed to the extensive

attorney's fees which Mr. Cavallino's counsel needed to reasonably expend to deal with such rambling, confusing, and disjointed complaints." *Id.* The court then found that the Florida civil RICO count alleged against one of the defendants was inextricably intertwined with the other counts alleged against him in the initial complaint and the two successive complaints. *Id.* at * 7. Finally, the court explained that "[a]ll of the claims involve a common core of facts and are based on related legal theories....It is simply not feasible to parse out work allegedly unrelated to the Florida RICO count as Plaintiff incorporated all allegations into the Florida RICO count, and Mr. Cavallino had to defend the entire case in order to defend the Florida RICO cause of action." *Id.*

The case at hand is analogous to *Filippova*. In the instant case, as set forth above, in the Court's Order dismissing the Amended Complaint, the Court explained that Plaintiff had impermissibly lumped together the defendants and that the Amended Complaint was an impermissible shotgun pleading. [DE 160, pp. 9-11]. In the Court's Order dismissing the Second Amended Complaint, the Court noted that "[d]espite three attempts to file a proper pleading in this case, Plaintiff has yet again filed a rambling, dizzying array of nearly incomprehensible pleading which still fails to provide a short and plain statement justifying relief and fails to provide allegations that are simple, concise, and direct." [DE 188, pp. 4-5].

It is clear to the undersigned, based on a review of the entire docket in this case, that the claims alleged against Defendant in the initial Complaint and First Amended Complaint involve a common core of facts and are based on related legal theories. As in *Filippova*, it is simply not feasible to parse out legal defense work allegedly unrelated to the Florida civil RICO count as Defendant had to defend the entire case in order to defend against this cause of action.

However, this does not end the inquiry as Defendant is claiming attorney's fees for all time he expended in this case. Defendant is not entitled to claim all of the time he expended in this case;

18

rather, he is only entitled to claim his attorney's fees for the specific time period that the Florida civil RICO cause of action, which gives rise to a statutory fee award, was pending. Specifically, Plaintiff asserted his Florida civil RICO action against Defendant in the initial Complaint filed on March 26, 2018 [DE 1]. Plaintiff maintained his Florida civil RICO cause of action in his First Amended Complaint [DE 97] filed on August 20, 2018. He abandoned his Florida RICO action when he filed his Second Amended Complaint [DE 161] on December 27, 2018, which did not include the Florida RICO cause of action. Thus, the Florida civil RICO cause of action was pending against Defendant from March 26, 2018, through December 27, 2018[3], a period of approximately nine months, and Defendant is entitled to his reasonable attorney's fees for defending against the Florida civil RICO count and all of the other inextricably intertwined counts only during that time period of time, per Fla. Stat. § 772.104(3).

Because Plaintiff abandoned the Florida civil RICO count in the Second Amended Complaint [DE 161], Defendant is not entitled to any fees for legal work completed after December 27, 2018, the date that Plaintiff filed the Second Amended Complaint. The Court finds that, just because the various claims alleged against Defendant are inextricably intertwined with the Florida civil RICO claim, this does not mean that Defendant can recover for his legal work completed after the Florida civil RICO claim was abandoned by Plaintiff.

In other words, the Florida civil RICO claim against Defendant was only alive from March 26, 2018, when the initial Complaint was filed, through December 27, 2018, when the Second Amended Complaint was filed and the Florida civil RICO claim against Defendant was

---

[3] The Court notes that the Order dismissing the Second Amended Complaint [DE 160] was entered on December 12, 2018. However, the Court's December 12, 2018 Order [DE 160] granted Plaintiff leave to amend his complaint, and, therefore, the Court will use the date of December 27, 2018, when Plaintiff filed his Second Amended Complaint which abandoned the Florida civil RICO claim as the last date said count was pending. As a practical matter, it makes no material difference in determining the amount of attorneys' fees due to Defendant whether the Court relies on the December 12, 2018 date or the December 27, 2018 date.

19

abandoned. Defendant cannot recover fees after December 27, 2018, because, at that point, there was no longer any statutory basis for attorney's fees. Thus, as a starting point, the hours claimed by Defendant should be reduced from 122.05 to 96.95.

### (2)   Other billing deficiencies

The undersigned has carefully reviewed Defendant's billing entries. The Court finds that many of the billing entries contain evidence of the unreasonable expenditure of time by Defendant. For example, on March 30, 2018, and April 13, 2018, Defendant spent a total of 4.50 hours reviewing the initial Complaint. [DE 218-1]. On April 13, 2018, he billed 1.10 hours drafting a two-page motion for enlargement of time to respond to the Complaint. *Id.* Further, Defendant often billed in separate 0.10 increments for reviewing one-page documents such as notices of appearance even when he reviewed several such documents in the same day. These billing entries are improper. "Excessive, redundant, or otherwise unnecessary hours should be excluded from the amount claimed." *Heron Dev. Corp. v. Vacation Tours, Inc.*, No. 16-20683-CIV, 2019 WL 4694147, at *4 (S.D. Fla. Aug. 27, 2019) (citing *Norman*, 836 F.2d at 1301).

As discussed above, Defendant's legal work related to the Second Amended Complaint is irrelevant to this Court's analysis, as no claim for Florida civil RICO was contained within the Second Amended Complaint. Therefore, the only relevant filings by Defendant are a notice of appearance [DE 82], two unopposed motions for extension of time [DEs 40, 163], two motions for leave to expand page limit [DEs 66, 103], a motion to dismiss the initial Complaint [DE 84], a motion to dismiss the First Amended Complaint [DE 117], and a reply [DE 144]. It also appears that Defendant was working with co-defendants' counsel to draft all of these documents. It seems hard to believe that counsel actually billed approximately 97 hours for this work.

## C.   <u>Calculation of Lodestar Amount</u>

The Court has carefully considered the deficiencies in Defendant's billing records. The Court has also reviewed the entire docket in this case, including the co-Defendants' motions for attorney's fees, and is endeavoring to attain "rough justice", as required. *See Fox*, 563 U.S. at 838. "When a district court finds the number of hours claimed is unreasonably high, the court has two choices; it may conduct an hour-by-hour analysis or it may reduce the requested hours with an across-the-board cut." *Bivins*, 548 F.3d at 1350 (citing *Loranger*, 10 F.3d at 783). Here, the undersigned finds that an across-the-board reduction is appropriate in this case. The undersigned **RECOMMENDS** that a 35% reduction from the amount sought by Defendant is appropriate and **RECOMMENDS** a total attorney's fee award of $22,050.00 ($350/hour x 63 hours). Therefore, the undersigned also **RECOMMENDS** that Defendant be awarded a total of $22,050.00 in attorney's fees.

## IV.    <u>CONCLUSION</u>

In light of the foregoing, the undersigned **RECOMMENDS** that the District Judge award Defendant his attorney's fees in the amount of $22,050.00. The undersigned also recommends that the appropriate statutory interest be applied and that a judgment be entered accordingly at some point in the future.[4]

## <u>NOTICE OF RIGHT TO OBJECT</u>

A party shall file written objections, if any, to this Report and Recommendation with United States District Judge William P. Dimitrouleas within fourteen (14) days of being served with a copy of this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1)(C). Failure to

---

[4] On December 30, 2019, the Court entered an Order [DE 223] staying the Court's Omnibus Order Adopting and Approving Reports and Recommendations of Magistrate Judge; Granting in Part and Denying in Part Motions for Attorneys' Fees [DE 221] until final resolution of the case, including all appeals. Therefore, the undersigned recommends that the District Judge rule consistently with its prior Order.

object to this Report and Recommendation within that time period waives the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions.   11th Cir.R. 3-1.

     **RESPECTFULLY SUBMITTED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 24th day of February, 2020.

WILLIAM MATTHEWMAN
United States Magistrate Judge

22