UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 9:18-CV-80390-WPD

BENNY BARMAPOV,

    Plaintiff,
v.

GUY AMUIAL, *et al.*,

    Defendants.
_____/

### ORDER APPROVING REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE; OVERRULING OBJECTIONS; GRANTING IN PART AND DENYING IN PART DEFENDANT DOUGHERTY'S VERIFIED MOTION FOR ATTORNEYS' FEES

THIS CAUSE is before the Court upon Defendant Thomas H. Dougherty ("Defendant" or "Dougherty")'s Verified Motion for Attorneys' Fees [DE 218] and the Magistrate Judge's Report and Recommendation on Defendant Dougherty's Verified Motions for Attorneys' Fees (the "Report") [DE 225]. The Court has conducted a *de novo* review of the Report, Plaintiff Benny Barmapov ("Plaintiff" or "Barmapov")'s Objections to Report and Recommendation [DE 226], and is otherwise fully advised in the premises.

A party seeking to challenge the findings in a report and recommendation of a United States Magistrate Judge must file "written objections which shall specifically identify the portions of the proposed findings and recommendation to which objection is made and the specific basis for objection." *Macort v. Prem, Inc*., 208 F. App'x 781, 783 (11th Cir. 2006) (quoting *Heath v. Jones*, 863 F.2d 815, 822 (11th Cir. 1989)). "It is critical that the objection be sufficiently specific and not a general objection to the report." *Macort*, 208 F. App'x at 784 (citing *Goney v. Clark*, 749 F.2d 5, 7 (3d Cir. 1984)). If a party makes a timely and specific

objection to a finding in the report and recommendation, the district court must conduct a *de novo* review of the portions of the report to which objection is made. *Macort*, 208 F. App'x at 783-84; see also 28 U.S.C. § 636(b)(1). The district court may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge. *Macort*, 208 F. App'x at 784; 28 U.S.C. § 636(b)(1). Accordingly, the Court has undertaken a *de novo* review of the Report [DE 225], the record, and the Plaintiff's Objections [DE 226].

Plaintiff Barmapov filed the instant action on March 26, 2018. *See* [DE 1]. The 26 original Defendants filed motions to dismiss the original Complaint. In response, Plaintiff filed an Amended Complaint on August 20, 2018. *See* [DE 97]. In his Amended Complaint, Plaintiff alleged claims against 23 Defendants (some individuals, others various business entities) and 20 John Doe Defendants over allegations that they engaged in a vast scheme to defraud him of approximately $4 million in connection with his investment in a Mitsubishi car dealership. *See generally* [DE 97] (Amended Complaint). In his 113-page, 624 paragraph Amended Complaint, Plaintiff asserted the following twenty (20) claims against Defendants: Civil RICO in violation of 18 U.S.C. § 1962(c), (d); Florida Civil RICO in violation of Fla. Stat. § 772.103(3), (4); Fraudulent Inducement; Rescission; Common Law Fraud; Fraudulent Misrepresentation; Negligent Misrepresentation; Breach of Fiduciary Duties; Aiding and Abetting Breach of Fiduciary Duties; Conversion; Negligence; Gross Negligence; Unjust Enrichment; Accounting; Civil Conspiracy; Aiding and Abetting; Declaratory Relief; and Civil Theft. *See id*. On September 17-20, 2018, Defendants filed motions to dismiss the Amended Complaint. *See* [DE's 113, 114, 115, 116, 117, 118, 119, 120, and 123]. The motions were fully briefed and carefully reviewed. On December 12, 2018, the Court entered an Order Dismissing Amended Complaint. *See* [DE 160]. Therein, the Court explained the grounds for dismissal argued by each motion to

dismiss and held that improper group pleading required dismissal of the Amended Complaint, with leave to attempt to re-plead a Second Amended Complaint consistent with the Court's Order.  *See id.*  On December 27, 2019, Plaintiff filed a Second Amended Complaint, alleging nineteen (19) claims against sixteen (16) Defendants (some individuals, others various business entities) and 20 John Doe Defendants, again over allegations that they engaged in a vast scheme to defraud him of approximately $4 million in connection with his investment in a Mitsubishi car dealership.  *See generally* [DE 161] (Second Amended Complaint).  In his 90-page, 440 paragraph Second Amended Complaint, Plaintiff asserted the following 19 claims against Defendants: Breach of Fiduciary Duties (Counts I-VI); Aiding and Abetting Breach of Fiduciary Duties (Counts VII-IX); Fraud (Count X-XVI); Aiding and Abetting Fraud (Counts XVII-XVIII); and Civil Conspiracy to Commit Breach of Fiduciary Duty and Defraud (Count XIX).  *See id*.  Defendants, including Defendant Dougherty, filed motions to dismiss the Second Amended Complaint. *See* [DE's 165, 166, 167, 168].  On May 24, 2019, the Court entered an Omnibus Order, which granted the motions, dismissed the Second Amended Complaint with prejudice, and closed the case. *See* [DE 188].

Defendant Dougherty filed a Verified Motion for Attorneys' Fees, seeking an award of $42,717.50 in attorneys' fees for defending the action.  *See* [DE 218].   Judge Matthewman carefully considered the Dougherty's Motion, the relevant billing records, Barmapov's Response [DE 220], and in his thorough 22-page Report, recommended that the Dougherty's Motion be granted in part and denied in part, and that Dougherty be awarded attorneys' fees in the amount of $22,050.00. *See* [DE 225].   Having carefully considered Barmapov's Objections, and having reviewed the arguments and relevant case law, the Court overrules the Objections.  The Court agrees with the analysis and conclusions set forth in Magistrate Judge Matthewman's well-

reasoned and thorough Report.  Dougherty has demonstrated that he is entitled to attorneys' fees in defending the Florida civil RICO cause of action and all of the other inextricably intertwined counts in securing dismissal of the First Amended Complaint (in which the Florida civil RICO cause of action was pled) pursuant to Fla. Stat. § 772.104(3).  Judge Matthewman also properly determined that Fed. R. Civ. P. 11 does not preempt the Florida civil RICO statute.  Finally, the reduction in attorneys' fees recommended by Judge Matthewman is reasonable.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. The Report [DE 225] is hereby **APPROVED**;

2. Defendant Thomas H. Dougherty's Verified Motion for Attorneys' Fees [DE 218] is hereby **GRANTED IN PART AND DENIED IN PART**;

3. Defendant Thomas H. Dougherty is hereby awarded attorneys' fees in the amount of $22,050.00, plus statutory interest.

4. Conditioned upon the deposit by Barmapov in the Court's Registry of the amount of $22,050.00, the enforcement of this Order Approving Report and Recommendation of Magistrate Judge; Overruling Objections; Granting in Part and Denying in Part Defendant Dougherty's Verified Motion for Attorneys' Fees is **STAYED**, pending the final resolution of this case, including all appeals.[1]

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 5th day of October, 2020.

WILLIAM P. DIMITROULEAS
United States District Judge

---

[1] This is consistent with the Court's Order Granting Plaintiff's Motion to Stay Enforcement of Attorneys' Fee Awards Pending Final Resolution of Case. *See* [DE 223].

Copies to:
Counsel of Record
Magistrate Judge William Matthewman