UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

BENNY BARMAPOV,                               CASE NO. 9:18-cv-80390-WPD

      Plaintiff,

vs.

GUY AMUAIL, et al,

      Defendants.
_____/

## DEFENDANTS' JOINT MOTION FOR SANCTIONS AGAINST PLAINTIFF AND PLAINTIFF's COUNSEL

Defendants Thomas H Dougherty, John Obeid, Palm Beach Auto Wholesale LLC, R & R Development GP, LLC, R & R North Lake Development, LLLP, Terry Rafih and Florida Automotive, Inc., Somo Financial Services, Inc., Ariad Sommer, Roberto Habaue, Avrham Amuial, Guy Amuial, Yossi Amuial, Checkered Flag Automotive, LLC, G.L. Cars, Inc., North Palm Hauling, LLC, RBA Auto Finance LLC, Orna Sastiel, and Reuben Sastiel (collectively, "Defendants"), by and through undersigned counsel and pursuant to this Court's inherent power to sanction for bad faith and failure to be candid with this tribunal (see generally *Absolute Activist Value Master Fund Ltd. v. Devine* (11th Cir. 2020)) move for sanctions against Plaintiff and Plaintiff counsel, jointly and severally and as grounds state as follows:

    1    On December 10, 2019, the Court entered an "*Omnibus Order Adopting and Approving Reports and Recommendations of Magistrate Judge; Granting in Part and Denying in Part Motions for Attorney's Fees*" [D.E. 221; 215] in which (i) Defendants John Obeid, Palm Beach Auto Wholesale LLC, R & R Development GP, LLC, R & R North Lake Development, LLLP, Terry Rafih and Florida Automotive, Inc. were awarded attorneys' fees in the amount of **$19,865.50**, plus statutory interest; (ii) defendants Somo Financial Services, Inc., Ariad Sommer

and Roberto Habaue were awarded prevailing party attorney's fees in the amount of **$14,669.75**, plus statutory interest and (iii) defendants Avrham Amuial, Guy Amuial, Yossi Amuial, Checkered Flag Automotive, LLC, G.L. Cars, Inc., North Palm Hauling, LLC, RBA Auto Finance LLC, Orna Sastiel, and Reuben Sastiel are hereby awarded attorneys' fees in the amount of **$19,650.00**, plus statutory interest, in each instance to be paid by Plaintiff BENNY BARMAPOV; and (B) an "*Order Approving Reports and Recommendation of Magistrate Judge; Overruling Objections; Granting in Part and Denying in Part Defendant Dougherty's Verified Motion for Attorney's Fees*" [D.E. 228; 225] in which Defendant Dougherty was awarded prevailing party attorney's fees in the amount of **$22,050.00**, plus statutory interest, in each instance to be paid by Plaintiff, BENNY BARMAPOV.

2. In response, Plaintiff Counsel affirmatively sought to Stay Enforcement of Attorneys' Fee Awards Pending Final Resolution of Case by filing a Motion for the same. Defendants did not object to said Motion based on Plaintiff's affirmative representation that he would deposit the amounts awarded into the Court Registry. On December 30, 2019, in part because Defendants did not object, the Court entered an "*Order Granting Plaintiff's Motion to Stay Enforcement of Attorneys' Fee Awards Pending Final Resolution of Case*," pursuant to which Defendants' enforcement of the award of attorney's fees was stayed pending resolution of BARMAPOV's appeal [D.E. 189] from this Court's order dismissing the second amended complaint [D.E. 188]. On January 13, 2020, BARMAPOV mailed to the Clerk of Court a check in the amount of $55,886.67 for deposit into the Court Registry, pursuant to the *Order Granting Plaintiff's Motion to Stay Enforcement of Attorneys' Fee Awards Pending Final Resolution of Case*. *Said filing was docketed as* "NOTICE by Benny Barmapov re 223 Order on Motion to Stay of Deposit of Funds in Registry" [D.E. 224].

3.  The Courts Order of October 5, 2020 [D.E. 228] likewise stayed the award "Conditioned upon the deposit by Barmapov in the Court's Registry of the amount of $22,050.00, . . . , pending the final resolution of this case, including all appeals." Further stating "This is consistent with the Court's Order Granting Plaintiff's Motion to Stay Enforcement of Attorneys' Fee" (see footnote 1 of said order).

4.  Based upon the "NOTICE by Benny Barmapov re 223 Order on Motion to Stay of Deposit of Funds in Registry" and appearance that BARMAPOV had complied with the condition precedent to the stay of enforcement of the order awarding attorney's fees to the Defendants, no further efforts were taken to pursue enforcement.  Further, after entry of the October 5, 2020 Order of Fees to Dougherty, the undersigned contacted Plaintiff's counsel on several occasion to inquire if Plaintiff was going to deposit additional funds into the Court registry or pay the award.  Plaintiff Counsel did not divulge that the funds were not in the registry.

5.  On February 3, 2021, the Eleventh Circuit Court of Appeals entered a decision affirming this Court's decision to dismiss the Second Amended Complaint with prejudice and a Mandate was issued on March 4, 2021 [D.E. 229].  On March 7, 2021, only after Defendants Somo Financial Services, Inc., Ariad Sommer, Roberto Habaue filed a Motion for Order of Disbursement of Registry Funds [D.E. 230] were Defendants advised by BARMAPOV that the Clerk of Court had refused BARMAPOV's personal check.  BARMAPOV never advised Defendants that the deposit [D.E. 224] had been rejected and made no further effort to deposit the funds into the Court Registry or comply with the condition's precedent to the stay of enforcement of the order awarding attorney's fees to the Defendants.

6.  Plaintiff and particularly Plaintiff's Counsel, misled the Defendants concerning the fact that the funds were not deposited as represented.  Upon learning that the funds were not

deposited into the registry, Defendants' counsel contacted Plaintiff's Counsel who admitted he knew the funds were returned but blamed the Clerk and Defendants' Counsel, stating in part:

> *". . . I dispute your suggestion that I have misrepresented anything to either the court, or to any of the parties or counsel to this proceeding. I made no representation, I simply made a contemporaneous filing of a letter to the Court accompanied by my client's personal check. That letter and check were in fact transmitted to the Court substantially contemporaneously with my ECF filing. Had the Court received funds into the registry, that would presumably have been reflected on the docket in an entry by the Court. The fact that no such entry was made put you and your clients on notice that no funds were deposited into the registry. . . . The Court did not enter an order directing Mr. Barmapov to deposit funds, the order presented him with the option to deposit funds in exchange for a stay. He attempted to do so, but when his attempt was unsuccessful, he elected not to make a second attempt to deposit the funds."* (email from Andrew Cole dated 3-9-2021)

The failure to disclose to the Defendants and Court that the funds were returned was deception by omission. In the words of Jennifer Chiaverini: "Deception by an omission of the truth is as bad as a lie." Attorney Cole knew that Defendants believed that the funds were deposited into the registry and were relying on said filing.

7. Plaintiff Counsel's actions are inconsistent with his duties to the Court and his professional responsibilities. The failure to notify Defense Counsel of this fact was intentional and done in bad faith. This bad faith is accented by the fact that after the October 5, 2020 Order, which specifically referred to his Motion to Stay Pending Appeal, Counsel remained silent. Not only did he remain silent, he did not respond to the undersigned's inquiries concerning the October 5, 2020 Order.

"A federal court has the inherent power to sanction a party. *Purchasing Power, LLC v. Bluestem Brands, Inc.*, 851 F.3d 1218, 1223 (11th Cir. 2017). Said inherent authority "includes

the authority to impose 'reasonable and appropriate' sanctions." *Goodman v. Tatton*, 2012 WL 12540024, citing *Martin v. Automobili Lamborghini Exclusive*, 307 F.3d 1332, 1335 (11th Cir.2002)  In determining whether an attorney's conduct violates this standard, the court compares the actions at issue with how a reasonable attorney would have acted under the circumstances.  Id. To justify a use of inherent power, "the party moving for sanctions must show subjective bad faith." *Hyde v. Irish*, 962 F.3d 1306, 1310 (11th Cir. 2020). "This standard can be met either (1) with direct evidence of . . . subjective bad faith or (2) with evidence of conduct so egregious that it could only be committed in bad faith." Id. (internal quotation mark omitted). *Absolute Activist Value Master Fund Ltd. v. Devine* (11th Cir. 2020)  "Federal courts . . .  possess inherent authority to impose sanctions against attorneys and their clients. *In re Walker*, 532 F.3d 1304, 1309 (11th Cir. 2008). "This power is derived from the court's need to manage [its] own affairs so as to achieve the orderly and expeditious disposition of cases." *In re Sunshine Jr. Stores, Inc.*, 456 F.3d 1291, 1304 (11th Cir. 2006) (alteration in original) (quotation omitted).  *Franken v.  Mukamal* (11th Cir. 2011).

8. "Lawyers, as officers of the court, have a duty of candor to the tribunal. *In Re Cimmings*. 381 B.R. 810 United States District Court, S.D. Florida 2007 citing *Federated Mut. Ins. Co. v. McKinnon Motors, LLC*, 329 F.3d 805, 808–09 (11th Cir.2003) (citing *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir.1994)). The Florida Rules of Regulating the Florida Bar also impose upon counsel a duty of candor to the court. Id Citing S.D. Fla. L.R. 11.1(B) (adopting the current Rules of Regulating the Florida Bar). In addition, Rule 11 "reinforces counsel's duty of candor to the Court by subjecting litigants to potential sanctions for making representations to the court for an improper purpose." Id Citations omitted.  "The duty owed by attorneys is that of "complete candor and primary loyalty to the court before which they practice. An attorney's duty

to a client can never outweigh his or her responsibility to see that our system of justice functions smoothly." Id Citation omitted.   Therefore, a lawyer should not "knowingly misstate, distort, or improperly exaggerate any fact or opinion and **should not improperly permit the lawyer's silence or inaction to mislead anyone**." Id.

9. The actions/silence of Plaintiff and Plaintiff Counsel can only be described as designed to mislead Defendants and amounts to sanctionable Bad Faith.   First, Plaintiff's Counsel; failed to advise the Court or the parties that the check was returned.  Next, when the Court entered the Order of October 5, 2020 staying the that award specifically noting the stay was ". . . consistent with the **Court's Order Granting Plaintiff's Motion to Stay Enforcement** of Attorneys' Fee" Plaintiff Counsel again remained silent.  Next, when the undersigned inquired of Counsel concerning the award of October 5, 2020, Plaintiff Counsel again remained silent.  This was not an inadvertent omission but rather a calculated omission made to cause harm to the Defendants and to benefit the Plaintiff.  "Omissions are not accidents." Marianne Moore.   "Unfortunately, refusing to acknowledge unfavorable facts" is not an option an attorney possesses.  Failure to disclose relevant information violates counsel's "ethical obligation to present the facts accurately and forthrightly." *Boca Burger, Inc.*, 912 So.2d at 571; see also *Hays v. Johnson*, 566 So.2d 260, 261 (Fla. 5th DCA 1990) (finding the omission of a material fact sanctionable as "all counsel who appear before this court must be truthful and fair in their petitions"). *Long v. AvMed, Inc.*, 14 So.3d 1264 (Fla. App. 2009)

10 The Undersigned, Pursuant to Local Rule 7.1, has conferred with all parties who may be affected by the relief sought in the motion in a good faith effort to resolve by agreement the issues to be raised in the motion.

WHEREFORE, Defendants Thomas H Dougherty, John Obeid, Palm Beach Auto Wholesale LLC, R & R Development GP, LLC, R & R North Lake Development, LLLP, Terry Rafih and Florida Automotive, Inc., Somo Financial Services, Inc., Ariad Sommer, Roberto Habaue, Avrham Amuial, Guy Amuial, Yossi Amuial, Checkered Flag Automotive, LLC, G.L. Cars, Inc., North Palm Hauling, LLC, RBA Auto Finance LLC, Orna Sastiel, and Reuben Sastiel respectfully request that the Count enter an Order Sanctioning Plaintiff and Plaintiff Counsel and such other relief as the Court deems just an proper.

Dated: April, 5 2021

Respectfully submitted,

Thomas Dougherty
PO Box 30056
Palm Beach Gardens, FL 33420
561-842-9707
Pro Se Defendant
By: /S/ *Thomas H Dougherty*
    Thomas H Dougherty
    Florida Bar No. 0957630

**KEITH D. SILVERSTEIN, P. A.**
1111 Brickell Avenue, Suite 1550
Miami, Florida 33131
Telephone: (305) 868-0200
Facsimile: (305) 868-1045
keith@silversteinpa.com
*Attorney for Defendants Ariad Sommer, Roberto Habaue, and SOMO Financial Services, Inc*

Gary Allan Isaacs, Esq.
712 U.S. Highway One, Suite 400
North Palm Beach, FL 33408-7146
Email: gaisaacs@bellsouth.net
*Counsel for Defendants John Obeid, Terry Rafih, Palm Beach Auto Wholesale LLC, Rafih Florida Automotive, Inc., R & R North Lake*

*Development, LLLP, and*
*R & R Development GP, LLC.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served via the Court's CM/ECF electronic mail notification system, via U.S. First Class Mail, postage prepaid, on this 5th_th day of April, 2021, upon all parties as set forth on the attached service list and in the manner set forth thereunder.

By:/S/ *Thomas H Dougherty*
Thomas H Dougherty
Florida Bar No. 0957630

**CM/ECF SERVICE LIST**

| | |
|---|---|
| Andrew Lynch Cole, Esq.<br>Scott J. Topolski, Esq.<br>Cole Schotz P.C.<br>2255 Glades Road, Suite 142W<br>Boca Raton, Florida 33431<br>ACole@coleschotz.com<br>*Attorney for Plaintiff* | James Andrew Bertron, Jr., Esq.<br>Nelson Mullins Riley &<br>Scarborough LLP<br>Florida Bar No. 0982849<br>3600 Maclay Blvd. S., Suite 202<br>Tallahassee, FL 32312<br>Email:<br>andy.bertron@nelsonmullins.com<br>*Counsel for Mitsubishi Motors North America, Inc.* |
| Gary Allan Isaacs, Esq.<br>712 U.S. Highway One, Suite 400<br>North Palm Beach, FL 33408-7146<br>Email: gaisaacs@bellsouth.net<br>*Counsel for Defendants John Obeid, Terry Rafih, Palm Beach Auto Wholesale LLC, Rafih Florida Automotive, Inc., R & R North Lake Development, LLLP, and R & R Development GP, LLC* | Gary A. Woodfield<br>Haile, Shaw & Pfaffenberger, P.A.<br>660 U.S. Highway One, Third Floor<br>North Palm Beach, FL 33408<br>gwoodfield@haileshaw.com<br>*Attorney for Defendants William Reichel and Reichel Realty & Investments, Inc.* |

Keith D Silverstein, Esq.
1111 Brickell Avenue, Suite 1550
Miami, Florida 33131
Telephone: (305) 868-0200
Facsimile: (305) 868-1045
keith@silversteinpa.com
*Attorney for Defendants Ariad Sommer, Roberto Habaue, and SOMO Financial Services, Inc*

**From:** Cole, Andrew <ACole@coleschotz.com>
**Sent:** Tuesday, March 9, 2021 4:54 PM
**To:** Gary Isaacs <gai@cohennorris.com>
**Cc:** 'Tom Dougherty thd' (thdlaw@bellsouth.net) <thdlaw@bellsouth.net>; Keith Silverstein <keith@silversteinpa.com>; Grace Tallman <gt@cohennorris.com>
**Subject:** RE: Activity in Case 9:18-cv-80390-WPD Barmapov v. Amuial et al Motion for Disbursement of Funds

Gary,

I dispute your suggestion that I have misrepresented anything to either the court, or to any of the parties or counsel to this proceeding. I made no representation, I simply made a contemporaneous filing of a letter to the Court accompanied by my client's personal check. That letter and check were in fact transmitted to the Court substantially contemporaneously with my ECF filing.

Had the Court received funds into the registry, that would presumably have been reflected on the docket in an entry by the Court. The fact that no such entry was made put you and your clients on notice that no funds were deposited into the registry.

Your suggestion that my filing misled the Court regarding Mr. Barmapov's deposit of funds is also misplaced. The Court did not enter an order directing Mr. Barmapov to deposit funds, the order presented him with the option to deposit funds in exchange for a stay. He attempted to do so, but when his attempt was unsuccessful, he elected not to make a second attempt to deposit the funds.

Andrew

# EXHIBIT "A"